

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-1420-11

---

**JOVANY PAREDES, Appellant**

**v.**

**STATE OF TEXAS**

---

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTEENTH COURT OF APPEALS HARRIS COUNTY

---

*Per curiam.*

## O P I N I O N

Appellant was convicted of capital murder and sentenced to life without parole. He appealed, arguing that he had been denied his right to confrontation when the lab director, rather than the analyst who performed his DNA test, testified at trial about the test results. The Court of Appeals affirmed the conviction, concluding that the lab director's testimony

did not violate the Confrontation Clause. *Paredes v. State*, No. 14-10-00266-CR, 2011 Tex. App. LEXIS 6693 (Tex. App. – Houston [14th District] August 23, 2011) (not designated for publication).

Appellant has filed a petition for discretionary review of this decision. We recently addressed this issue in *Burch v. State*, No. PD-0943-12, 2013 Tex. Crim. App. LEXIS 945 (Tex. Crim. App. June 26, 2013). In *Burch*, we held that the Confrontation Clause was violated by the admission of a drug analysis when the reviewing analyst, rather than the testing analyst, testified at trial. In that case, the person who testified did not participate in the testing or witness the tests being performed.

The Court of Appeals in the instant case did not have the benefit of our opinion in *Burch*. Accordingly, we grant Appellant's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of *Burch*.

DATE DELIVERED: August 21, 2013
DO NOT PUBLISH